PER CURIAM.
We have for review Berry v. State, 561 So.2d 330 (Fla. 3d DCA 1990), based upon conflict with Davis v. State, 517 So.2d 670 (Fla.1987). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In Berry, the district court held that Berry’s use of familial trust to effectuate the rape of his emancipated teenaged daughter justified a departure sentence. We addressed the same issue in Barnes v. State, 588 So.2d 585 (Fla.1991), and rejected the use of familial trust as grounds for departure under circumstances where a husband called his wife home from work and then attempted to kill her. Similarly, in Davis, we rejected familial trust as a grounds for departure where a wife shot her husband while he was sleeping in bed.
Consistent with Barnes and Davis, we quash the decision of the district court in Berry and remand for further proceedings in accordance with Barnes and Davis.
It is so ordered.
*469 SHAW, C.J. and OVERTON, McDonald, BARRETT and KOGAN, JJ., concur.
HARDING, J., dissents with an opinion, in which GRIMES, J., concurs.